THE PEOPLE *against* MARSH, Sheriff of ONONDAGA.

A COMMON rule had been entered against the defendant thus :

*Willard Butterfield*
v.
*Eben Wallace &*
*Asa Baker.*

July 16th, 1823.

*Butterfield & Loomis,* Att'ys.

The Sheriff of Onondaga county having returned the capias in this cause *cepi corpora*, ordered, on motion of Messrs. Butterfield & Loomis, attorneys for the plaintiff, that the said Sheriff bring in the bodies of the said defendants, in 20 days after service of notice of this rule, or show cause, on

Rule to bring in the body.

ALBANY,
Feb. 1824.

The People
v.
Marsh.

Rule for attachment for not bringing in the body.

The sheriff must have full 20 days notice of the rule to bring in the body, exclusive of the 1st day of term.

the first day of the next term of this Court, why an attachment should not issue against him.

Notice of this rule was served on the Sheriff Sept. 30, 1823, and at the next term, on motion in open Court, the following rule was entered: 

William Butterfield
v.
Eben Wallace &
Asa Baker.

In Supreme Court.
November 1st, 1823.
Butterfield & Loomis, Att'ys.

On reading and filing certified copy of rule entered in this cause, requiring the Sheriff of the county of Onondaga to bring in the bodies of the defendants in 20 days, or show cause on the first day of the present term why an attachment should not issue against him, and an admission of service thereof by Luther Marsh, Sheriff of the county of Onondaga, the affidavit of A. Loomis, and no cause having been shown pursuant to the said rule, on motion of J. C. Spencer, of counsel for plaintiff, ordered, that an attachment issue against the said Luther Marsh, for his contempt aforesaid.

An attachment having issued,

*Kellogg*, now moved to set it aside; and one ground which he took was, that full 20 days did not intervene between the service of notice of the rule to bring in the body and the day for showing cause. He cited Dunl. Pr. 195, and cases there cited.

*P. S. Parker*, contra. The 20 days had elapsed before the motion was made. Although the rule was to show cause on the first day of term, yet the whole term relates to the first day. The rule was not, therefore, confined to the first. This is like a notice of motion, which though for the first day, yet the motion may be made on any day during the term.

*Kellogg*, in reply. That is true: but if the notice is not served 4 days before term, it cannot be heard. Granting that this is in nature of a notice of motion, 20 days notice must be given, which is not done.

*Curia.* The Sheriff was entitled to full 20 days notice of the rule to bring in the body before the first day of October term, reckoning one day inclusive and the other exclusive, as on notices of rules to plead. He was entitled to the whole of Monday, the first day of term, within which to bring in the body, in analogy to the doctrine of the rule to plead, where the party is entitled to the whole of the last day within which to plead. Here the Sheriff is required to bring in the body, or show cause, all within 20 days.

The rule, therefore, is granted, but on condition that the Sheriff stipulate not to bring an action of false imprisonment.

Rule accordingly.